United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Concrete Works and Paving, Inc., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-60312-Civ-Scola |
| ) | |
| Great Midwest Insurance Company, ) | |
| Defendant. ) | |

**Order Denying Great Midwest's Motion to Dismiss**

Plaintiff Concrete Works and Paving, Inc. ("Concrete Works"), has filed suit seeking relief under Florida Statute § 255.05 for payment under two construction bonds. This suit is brought against Great Midwest Insurance Company ("Great Midwest"), the surety insurer under both bonds. Defendant Great Midwest now moves to dismiss Concrete Work's complaint. (Def.'s Mot., ECF No. 17.) After careful analysis, the Court disagrees with Great Midwest and finds the complaint sufficiently plead. The Court therefore **denies** Great Midwest's motion. (**ECF No. 17.**)

1. **Background**

Concrete Works subcontracted with Pioneer Construction Management Services ("Pioneer") to provide labor and materials for two public concrete/asphalt restoration projects, one with Broward County and another with the City of Lauderhill. (Compl. at ¶¶ 6–7, 15–16, ECF No. 1.) For each project, Great Midwest executed and delivered a payment bond pursuant to Florida Statute § 255.05. (*Id.* at ¶¶ 8, 17.) The bonds guarantee payment to those furnishing labor, materials, or services provided for in the public construction contract. (*Id.*) Concrete Works alleges that they are a lienor under both bonds because they subcontracted with Pioneer for each project. (*Id.* at ¶¶ 7, 16.) Concrete Works completed the work under the subcontract for both projects; however, Pioneer did not pay Concrete Works for the labor and materials provided in either project. (*Id.* at ¶¶ 10–11, 19–20.) Concrete Works notified Great Midwest of Pioneer's failures to pay but they have not received payment. (*Id.* at ¶¶ 12, 21.) Concrete Works is owed $140,023 for the Broward County project, and $64,566 for the City of Lauderhill project. (*Id.* at ¶¶ 13, 22.)

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Id.*

While the court's review in considering a 12(b)(6) motion is ordinarily "limited to the four corners of the complaint," *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009), a court may nonetheless consider documents that the complaint incorporates by reference as well as matters that may be judicially noticed, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## 3. Analysis

Florida Statute § 255.05 is intended to protect those providing labor or supplies for a public project from non-payment. The statute provides that "all persons defined in s. 713.01 who furnish labor, services, or materials for the prosecution of the work provided for in the contract . . . shall have a cause of action against the contractor and surety for the amount due to him or her, including unpaid finance charges due under the claimant's contract." § 255.05(1), Fla. Stat. (2012). Under section 713.01(18)(b), a subcontractor may be a claimant. A subcontractor is defined as "a person other than a materialman or laborer who enters into a contract with a contractor for the performance of any part of such contractor's contract." § 713.01(28). Fla. Stat. (2007). Because both claims regard public construction projects, each payment bond specifically references section 255.05(1), guaranteeing prompt payment to those who qualify as claimants. (*See* ECF No. 1-2 and 1-3.)

Great Midwest argues that Concrete Works does not plead "[w]hat labor or materials Plaintiff supplied or when, the terms of the agreement giving rise to a subcontract arrangement, when payment was demanded and due from Pioneer, or when the work was accepted by the owner." (ECF No. 17 at ¶ 2.) Great Midwest, however, fails to cite a single case or reference any statutory language that requires this specificity in pleading. In fact, detailed factual allegations are not required. *See Twombly*, 550 U.S. at 555. The complaint alleges that Pioneer subcontracted with Concrete Works for labor and materials (ECF No. 1 at ¶¶ 8,

16), Concrete Works performed the work (*id.* at ¶¶ 10, 19), and Pioneer failed to make payment (*id.* at ¶¶ 11, 20). The complaint also alleges that Concrete Works notified Great Midwest of Pioneer's failure to pay. (*Id.* at ¶¶ 12, 21.) Taking the complaint's factual allegations as true, the complaint sufficiently establishes a cause of action under Section 255.05. *See Faceton, Inc. v. Danella Companies, Inc.*, No. 17-cv-1971-T-17MAP, 2008 WL 11336345, at *2 (M.D. Fla. March 24, 2008) (denying motion to dismiss under Section 255.05).

**4.    Conclusion**

Accordingly, the Court **denies** Great Midwest's motion to dismiss (**ECF No. 17**). The Defendant's answer is due on or before July 24, 2019.

**Done and ordered** at Miami, Florida, on July 9, 2019.

Robert N. Scola, Jr.
United States District Judge